UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
IRUSIA KOCKA,

                              Plaintiff,

    -against-

COUNSEL PRESS INC., STUART TANENBAUM,
MARIA PIPERIS, and RINA DANIELSON,

                              Defendants.
-------------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff IRUSIA KOCKA ("Plaintiff" or "Ms. Kocka") by and through her attorneys, Serrins & Associates LLC, complains of Defendants COUNSEL PRESS INC. (the "Corporate Defendant" or "Counsel Press" or the "Company"), STUART TANENBAUM ("Defendant Tanenbaum"), MARIA PIPERIS ("Defendant Piperis"), and RINA DANIELSON ("Defendant Danielson") (Defendants Tanenbaum, Piperis, and Danielson are collectively the "Individual Defendants") (the Corporate Defendant and the Individual Defendants are collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to challenge Defendants' practice of disability discrimination in the terms, conditions, and privileges of Plaintiff's employment, and retaliation in violation of the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 *et seq.* ("ADAAA"), the New York State Human Rights Law, Executive Law § 296 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, Administrative Code of the City of New York, § 8-101 *et seq.* ("NYCHRL").

1

## JURISDICTION AND VENUE

2. All conditions to jurisdiction under the ADAAA have been met. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 15, 2017 and received a Notice of her Right to Sue from the EEOC on January 17, 2018, thereby giving Plaintiff the right to proceed in Federal Court and giving this Court jurisdiction.

3. Jurisdiction of this Court is proper under 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States. Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PARTIES

5. Plaintiff Irusia Kocka is a female resident of New York State who was employed by Defendants from in or about September 2015 to on or about February 17, 2017.

6. Upon information and belief, Defendant Counsel Press Inc. is a foreign business corporation, organized and existing under the laws of the State of Delaware, that provides appellate consulting services.

7. Defendant Counsel Press maintains a place of business at 460 West 34th Street, 4th Floor, New York, NY 10001 in which Plaintiff worked during the relevant time period.

8. During all relevant times, Defendant Tanenbaum has been employed by the Company as the Senior Proofreader, directly supervised Plaintiff's work, and has maintained the authority to

personally implement personnel decisions such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the NYSHRL and NYCHRL.

9. During all relevant times, Defendant Piperis has been employed by the Company as the Vice President of Operations, directly supervised Plaintiff's work, and has maintained the authority to personally implement personnel decisions such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the NYSHRL and NYCHRL.

10. During all relevant times, Defendant Danielson has been employed by the Company as the NYC Director of Operations and has maintained the authority to personally implement personnel decisions such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the NYSHRL and NYCHRL.

11. During all relevant times, the Company employed more than four (4) people for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and is an employer within the definition of the NYSHRL and NYCHRL.

12. During all relevant times, the Company employed at least fifteen (15) people for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and constituted an employer within the definition of the ADAAA.

13. The Individual Defendants may be held individually liable under the NYSHRL and NYCHRL in their capacity as "employers" as indicated above.

14. The Individual Defendants may also be held individually liable under the NYSHRL and NYCHRL under theories of aiding and abetting and/or for their own discriminatory and retaliatory conduct as "employees," "agents," and/or "persons" of the Company as those terms are defined under NYCHRL § 8-107 (1) (a), (6), (7) and NYSHRL § 296 (6), (7).

## FACTUAL ALLEGATIONS

### *Background Regarding Plaintiff's Employment*

15. Defendants hired Plaintiff in or about September 2015 as a legal proof reader.

16. In that capacity, Plaintiff was responsible for editing and proof reading a variety of legal documents for Defendants' appellate service.

17. Throughout Plaintiff's employment with Defendants, Plaintiff met or exceeded the performance expectations of her position.

### *Plaintiff's Disability*

18. Approximately one year prior to beginning employment with Defendants, on or about December 1, 2014, Plaintiff underwent a major surgery for intractable non-food related reflux.

19. While the surgery succeeded in reducing the damage to Plaintiff's esophagus, it left Plaintiff with persistent bad breath.

20. Additionally, as a result of the surgery on Plaintiff's esophagus, she would have choking fits when subjected to stress and anxiety, which was exacerbated by the hostile work environment described below.

21. Plaintiff was also required to occasionally wear a monitoring device, which was visible to Defendants' staff.

### *Defendants' Discriminatory Practices*

22. From in or about the beginning of Plaintiff's employment with Defendants, Plaintiff has been subjected to a hostile work environment, comprised of frequent discriminatory remarks and conduct based on her disability.

23. Some of the discriminatory conduct to which Plaintiff was subject on a near daily basis includes, but is not limited to:

a) Defendant Tanenbaum, a senior proof reader and Plaintiff's direct supervisor, would regularly call Plaintiff "disgusting" and "whodwantya" (who'd want you), and he would say loudly that she's lucky to have a job;

b) The Individual Defendants, Diana Cruz, Kersuze Morancy, and Elissa Diaz would regularly, out loud, call Plaintiff "disgusting," would complain that Plaintiff farted and that it smells like flatulence, etc.;

c) Kersuze Morancy and Diana Cruz would heavily spray perfume in the office and complain loudly that Plaintiff smelled disgusting;

d) Diana Cruz spoke out loud with a coworker in the cafeteria about Plaintiff, stating, in sum and substance, "I hope she doesn't sit here." Additionally, in the adjacent cubicle, Diana Cruz spoke out loud with a coworker, stating, in sum and substance, "I know how to get rid of her," "it smells like flatulence," "she should brush her teeth," and "it is getting worse."

e) Diana Cruz and Elissa Diaz would laugh at and make fun of the monitoring device that Plaintiff occasionally had to wear;

f) Defendant Tanenbaum blamed a coworker's fainting on Plaintiff's medical condition;

g) Defendant Tanenbaum, Defendant Danielson, Diana Cruz, Kersuze Mornacy, Elissa Diaz and Yasmin Johnson would regularly groan loudly in disgust when Plaintiff entered the office and throughout the day; and

h) Defendant Tanenbaum, Defendant Danielson, Kersuze Mornacy, Elissa Diaz, and Yasmin Johnson would give Plaintiff angry looks of disgust and deliberately groaned in Plaintiff's face because of her disability.

  i)  Yasmin Johnson would refuse to get in close proximity to Plaintiff to hand her documents and would instead toss the paperwork from a distance.

24. The aforementioned discriminatory conduct occurred on a near daily basis throughout Plaintiff's employment.

25. This discriminatory conduct occurred in the open in front of supervisors and management, some of whom actually participated in the discriminatory conduct and did nothing to prevent or correct the hostile work environment.

26. Similarly situated employees without a disability were not subject to the same discriminatory treatment.

***Plaintiff's Complaints about and Opposition to Defendants' Discriminatory Practices***

27. Plaintiff repeatedly complained to Human Resources about the discriminatory comments and behavior to which she was subject; however, they did not take any remedial action.

28. Plaintiff also complained to her Manager, Defendant Piperis, about the discriminatory conduct; however, her Manager did not take remedial action. Instead she stated, in sum and substance, "stop making things up, you've got nothing." She then became angry with Plaintiff and began to treat her differently.

***Defendants' Retaliatory Conduct***

29. After Plaintiff's complaints and opposition to Defendants' discriminatory conduct, she was subjected to retaliation by Defendants.

30. The Individual Defendants made it clear that they did not want to work with Plaintiff because of her disability and because she complained about and opposed Defendants' discriminatory conduct.

31. Upon information and belief, Defendants conspired to have Plaintiff terminated, knowing that their conduct was illegal.

32. Upon information and belief, Defendants discussed terminating Plaintiff, but initially decided against it as Plaintiff would have viable discrimination and retaliation claims.

33. Upon information and belief, on or about February 16, 2017, in response to Defendants' decision not to terminate Plaintiff and incur liability, an Accounting Executive, loudly stated to Gladys Ovalle, "so we have to take this?"

34. On the following day, February 17, 2017, the Vice President of Technology, Geoffrey Barth, approached Ms. Ovalle to inquire about the Accounting Executive's statement the previous day.

35. Ms. Ovalle confirmed the substance of their conversation, to which Geoffrey Barth said out loud, "she is going to sue."

36. Upon information and belief, Mr. Barth was referring to Plaintiff suing for discrimination and/or retaliation upon her imminent termination.

37. Later that day, Plaintiff's employment was terminated by the President, Scott Thompson, and her Manager, Defendant Piperis.

38. Defendants' purported reason for terminating Plaintiff was that they "decided to change direction."

39. Upon information and belief, Plaintiff was actually terminated because of her disability and/or because of her complaints about and opposition to Defendants' discriminatory practices.

## FIRST CLAIM FOR RELIEF
**(NYCHRL Disability Discrimination Against All Defendants)**

40. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

7

41. At all relevant times, Plaintiff was a qualified individual with a disability as defined under the NYCHRL.

42. By the acts and practices above, Defendants created a hostile environment constituting harassment and discrimination based on Plaintiff's disability in violation of the NYCHRL.

43. Additionally, by the acts and practices described above, Defendants altered the terms and conditions of Plaintiff's employment by treating her differently than other similarly situated employees who were not members of Plaintiff's protected class based on her disability.

44. Defendants knew that their actions constituted disability discrimination and/or willfully disregarded Plaintiff's statutorily protected rights.

45. Defendants intentionally refused to investigate and/or take appropriate remedial action to correct the harassing behavior and failed to respond to Plaintiff's complaints of discriminatory treatment.

46. The Individual Defendants are individually liable for their conduct as they have maintained the authority to personally implement personnel decisions such as hiring, firing, and setting compensation of employees, and as such, are "employers" within the definition of NYCHRL.

47. Moreover, NYCHRL § 8-107(1)(a) makes it unlawful for "an employer *or an employee or agent thereof...* to discriminate against [a protected individual] in compensation or in terms, condition or privileges of employment."

48. As such, the Individual Defendants may be held individually liable under the NYCHRL in their capacity as "employees" or "agents" of the Company.

49. The Individual Defendants may also be held individually liable under a theory of aiding and abetting pursuant to NYCHRL § 8-107 (6).

50. As a proximate result of Defendants' acts of unlawful discrimination, Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation, unless and until this Court grants the relief hereinafter described.

## SECOND CLAIM FOR RELIEF
### (NYSHRL Disability Discrimination Against All Defendants)

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. At all relevant times, Plaintiff was a qualified individual with a disability as defined under the NYSHRL.

53. By the acts and practices described above, Defendants created a hostile environment constituting disability discrimination in violation of the NYSHRL.

54. Defendants discriminated against Plaintiff by subjecting her to harassment of a severe and/or pervasive nature affecting the terms, condition, and privileges of her employment.

55. Additionally, by the acts and practices described above, Defendants altered the terms and conditions of Plaintiff's employment by treating her differently than other similarly situated employees who were not members of Plaintiff's protected class based on her disability.

56. Defendants knew that their actions constituted disability discrimination of a severe and/or pervasive nature as to create a hostile work environment and/or willfully disregarded Plaintiff's statutorily protected rights.

57. Defendants intentionally refused to investigate and/or take appropriate remedial action to correct the harassing behavior and failed to respond to Plaintiff's complaints of discriminatory treatment.

58. The Individual Defendants are individually liable for their conduct as they have maintained the authority to personally implement personnel decisions such as hiring, firing, and setting compensation of employees, and as such, are "employers" within the definition of the NYSHRL.

59. Additionally, the Individual Defendants may be held individually liable under a theory of aiding and abetting pursuant to NYSHRL § 296 (6).

60. As a proximate result of Defendants' acts of unlawful discrimination, Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation, unless this Court grants the relief hereinafter described.

## THIRD CLAIM FOR RELIEF
### (ADAAA Disability Discrimination Against Defendant Counsel Press Inc.)

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. The ADAAA § 12112 makes it unlawful for a "covered entity to discrimination against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

63. At all relevant times, Plaintiff was a "qualified individual with a disability" as defined by the ADAAA.

64. At all relevant times, the Company was a "covered entity" as defined by the ADAAA.

65. At all relevant times, Defendant Counsel Press Inc. was Plaintiff's "employer" under the ADAAA.

66. By the acts and practices described above, Defendant Counsel Press Inc. created a hostile environment constituting disability discrimination in violation of the ADAAA.

67. Defendant Counsel Press Inc. discriminated against Plaintiff by subjecting her to harassment of a severe and/or pervasive nature affecting the terms, condition, and privileges of her employment.

68. Additionally, by the acts and practices described above, Defendant Counsel Press Inc. altered the terms and conditions of Plaintiff's employment by treating her differently than other

similarly situated employees who were not members of Plaintiff's protected class based on her disability.

69. Defendant Counsel Press Inc. knew that its actions constituted disability discrimination of a severe and/or pervasive nature as to create a hostile work environment and/or willfully disregarded Plaintiff's statutorily protected rights.

70. Defendant Counsel Press Inc. intentionally refused to investigate and/or take appropriate remedial action to correct the harassing behavior and failed to respond to Plaintiff's complaints of discriminatory treatment.

71. As a proximate result of Defendant Counsel Press Inc.'s acts of unlawful discrimination, Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation, unless this Court grants the relief hereinafter described.

### FOURTH CLAIM FOR RELIEF
### (NYCHRL Retaliation Against all Defendants)

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

73. Pursuant to the NYCHRL § 8-107 (7), "[i]t shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of any act which would be an unlawful discriminatory practice under this chapter, (iv) assisted in the commissions or the corporation counsel in an investigation commenced pursuant to this title, or (v) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter."

74. By the acts and practices described above, Defendants unlawfully discriminated against Plaintiff because of her opposition to and complaints about Defendants' discriminatory conduct based on Plaintiff's disability.

75. The Individual Defendants are individually liable for their conduct as they have maintained the authority to personally implement personnel decisions such as hiring, hiring, and setting compensation of employees, and as such, are "employers" within the definition of the NYCHRL.

76. Moreover, NYCHRL § 8-107 (7) makes it unlawful "*any person* engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person…"

77. As such, the Individual Defendants may be held individually liable under the NYCHRL in their capacity as "person[s]" within the meaning of the law.

78. Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

79. Plaintiff suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

### FIFTH CLAIM FOR RELIEF
### (NYSHRL Retaliation Against All Defendants)

80. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

81. Pursuant to the NYSHRL § 296 (7), "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

82. By the acts and practices described above, Defendants unlawfully discriminated against Plaintiff because of her opposition to and complaints about Defendants' discriminatory conduct based on Plaintiff's disability.

83. The Individual Defendants are individually liable for their conduct as they have maintained the authority to personally implement personnel decisions such as hiring, firing, and setting compensation of employees, and as such, are "employers" within the definition of the NYSHRL.

84. The Individual Defendants are also individually liable for their conduct in their capacity as "person[s]" within the meaning of the law.

85. Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

86. As a proximate result of Defendants' acts of unlawful retaliation, Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation and damage to her reputation, unless and until this Court grants the relief hereinafter described.

## SIXTH CLAIM FOR RELIEF
**(ADAAA Retaliation Against Defendant Counsel Press Inc.)**

87. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88. Pursuant to the ADAAA § 12203, "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

89. By the acts and practices described above, Defendant Counsel Press Inc. unlawfully discriminated against Plaintiff because of her opposition to and complaints about Defendants' discriminatory conduct based on Plaintiff's disability.

90. Defendant Counsel Press Inc. knew that its actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

91. As a proximate result of Defendant Counsel Press Inc.'s acts of unlawful retaliation, Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation and damage to her reputation, unless and until this Court grants the relief hereinafter described.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

   a) awarding, on the First through Sixth Causes of Action, compensatory, punitive, mental anguish, and pain and suffering damages as a result of Defendants' discriminatory conduct, in an amount exceeding the jurisdictional requisites;

   b) awarding Plaintiff such interest as allowed by law;

   c) awarding Plaintiff her reasonable attorneys' fees and costs; and

   d) granting such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: April 16, 2018
New York, New York

Alan Serrins, Esq. (AS4739)
Corey M. Stein, Esq. (CS3863)
Serrins & Associates LLC
*Attorneys for Plaintiff*
233 Broadway, Suite 2340
New York, New York 10279
(212) 384-0202